[Cite as *State v. Davis*, 2026-Ohio-2993.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
COLUMBIANA COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

JACOB ISAAC DAVIS,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
Case No. 25 CO 0050

---

Criminal Appeal from the
Columbiana County Municipal Court of Columbiana County, Ohio
Case No. 2025 TRD 002564

**BEFORE:**
Cheryl L. Waite, Mark A. Hanni, Katelyn Dickey, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Vito J. Abruzzino,* Columbiana County Prosecutor, and *Atty. Christopher R. W. Weeda,* Assistant Prosecutor, for Plaintiff-Appellee

Jacob Davis, Pro se, Defendant-Appellant

Dated: August 3, 2026

---

**WAITE, P.J.**

{¶1} Appellant Jacob Isaac Davis appeals his bench trial conviction in the trial court on a minor misdemeanor traffic infraction. He alleges that six errors occurred in the trial process involving his citation for speeding. Appellant was cited for driving 86 m.p.h. in a 70 m.p.h. zone. Appellant now complains of speedy trial violations, discovery violations, an abuse of discretion in the court granting the state a continuance, and he contends the conviction is against the sufficiency and weight of the evidence. Appellant also raises cumulative error. Appellant filed a waiver of speedy trial, and all his speedy trial objections fail. The judge had the discretion to grant a continuance to the state, and Appellant has not pointed to any abuse of discretion in this continuance. The prosecutor provided Appellant with the required discovery, and any additional discovery Appellant alleges was not provided was not required under Crim.R. 16(B). His conviction is supported by the sufficiency and weight of the evidence. As Appellant has not shown that any errors occurred at trial, he cannot show cumulative error. Based on this record, all of Appellant's arguments are meritless and the judgment of the trial court is affirmed.

<u>Facts and Procedural History</u>

{¶2} On May 26, 2025 Sergeant Stephen Murphy of the Ohio State Highway Patrol initiated a traffic stop of Appellant for excessive speed. Using a radar device, Sgt. Murphy recorded Appellant traveling at 86 m.p.h. in a 70 m.p.h. zone on State Route 11 in Elkrun Township, Columbiana County. Sgt. Murphy gave Appellant a minor misdemeanor traffic citation for speeding, pursuant to R.C. 4511.21. The citation was filed on May 27, 2025.

{¶3} On June 12, 2025 Appellant was arraigned in the Columbiana County Municipal Court. Appellant proceeded pro se at trial, and pleaded not guilty. During

arraignment, the trial judge stated: "We'll have you sign the time waiver and schedule the pretrial for you to come back in to speak to the prosecutor, explain your position, and hopefully get this resolved. Okay?" (6/12/25 Tr., p. 3.) Appellant answered: "Thank you, Your Honor." (6/12/25 Tr., p. 3.) Appellant agreed to set pre-trial on August 26, 2025, affirming that the date worked with his schedule. (6/12/25 Tr., p. 3.) On June 12, 2025 Appellant signed a written waiver of speedy trial time. He also filed a written request for discovery.

{¶4} On June 27, 2025 Appellant filed a motion to dismiss for discovery violations. He also filed an affidavit regarding an alleged speedy trial violation, but did not file a motion to dismiss on speedy trial grounds. On June 30, 2025 the court ruled that pending motions would be heard at the August 26, 2025 pre-trial hearing.

{¶5} On July 18, 2025 Appellant filed a motion to advance the hearing on his pending motions. Appellant claimed to have three motions pending: a motion to dismiss for speedy trial; a motion to dismiss for failure to provide discovery; and a motion to exclude evidence.

{¶6} At the August 26, 2025 hearing, Appellant sought to proceed on what he believed were three pending motions. However, Appellant and the trial court agreed at the start of the hearing that no motion to exclude evidence had been filed, and so the issue would not be heard. (8/26/25 Tr., p. 5.) The parties also discussed whether a pending speedy trial motion existed. It was agreed that no motion was ever filed, although an affidavit discussing speedy trial issues had been filed. (8/26/25 Tr., p. 10.) The court stated: "All that was filed was this affidavit." (8/26/25 Tr., p. 10.) Appellant answered: "Sure." (8/26/15 Tr., p. 10.) Appellant agreed that if he actually filed a motion to dismiss on speedy trial grounds in the future, it could be heard at the time of trial. (8/26/25 Tr., p.

11.) The court then heard his motion to dismiss for failure to provide discovery. Appellant argued that the state violated Crim.R. 16 by failing to respond to a written motion for discovery. The prosecutor noted that discovery had been provided and that Appellant was not prejudiced, because he had the remaining time until trial to use the materials for his defense. The court overruled Appellant's motion and trial was set for October 21, 2025.

{¶7} On August 26, 2025, after the pre-trial hearing had already concluded, Appellant filed a motion to dismiss for speedy trial. In the motion Appellant alleged that he had not caused any delay in the case and did not waive his right to speedy trial.

{¶8} On October 20, 2025 the state filed a motion for continuance of the trial because Sgt. Murphy was unavailable on the scheduled trial date. The court granted a continuance until November 18, 2025.

{¶9} On October 24, 2025 Appellant filed various motions: a motion to invalidate the state's continuance; a motion to dismiss for unnecessary delay; a renewed motion to dismiss for speedy trial and invalid waiver; a motion in limine to exclude radar-based evidence; and a supplemental motion to dismiss for failure to provide discovery. The trial court ordered that the motions would be heard on November 18, 2025.

{¶10} The court dealt with the pending motions immediately prior to the start of the bench trial on November 18, 2025. Appellant argued that he unknowingly signed his waiver of time. Appellant admitted he did not read the waiver and did not pay attention to the court's orientation video that explained the waiver of speedy trial time. (11/18/25 Tr., pp. 5-6.) In addition to the signed waiver, the state raised the argument that various actions taken by Appellant tolled the speedy trial clock, and that there were still 13 days left to bring Appellant to trial. After hearing testimony from Appellant, the court overruled

his motion to dismiss for speedy trial. The court heard additional testimony regarding the discovery matter and then overruled Appellant's supplemental motion to dismiss for failure to provide discovery. The court then began trial in this matter.

{¶11} Sgt. Murphy, the sole witness at trial, testified about his training and certifications, the traffic stop, the use of a radar gun, the calibration of the radar gun, how Appellant's speed violation was determined, and the identification of Appellant as the defendant. The state moved to introduce Sgt. Murphy's qualifications and the radar device evidence as exhibits. Appellant did not offer any witnesses or evidence. The court found that Sgt. Murphy's testimony was credible, the use of a radar gun was established as a reliable method to determine the speed of Appellant's vehicle, and that the state proved its case beyond a reasonable doubt. The court found Appellant guilty and fined him $75. The court filed the final order in this matter on November 18, 2025. Appellant then filed a timely appeal, again acting pro se.

ASSIGNMENT OF ERROR NO. 1

THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO DISMISS FOR SPEEDY TRIAL VIOLATION WHERE THE STATUTORY THIRTY-DAY PERIOD UNDER R.C. 2945.71(B)(2) EXPIRED, THE PURPORTED WAIVER WAS NOT KNOWING, INTELLIGENT, OR VOLUNTARY, AND THE COURT APPLIED AN INDEFINITE-PENDENCY TOLLING RATIONALE DIRECTLY FORECLOSED BY STATE V. SANCHEZ.

{¶12} Appellant argues that he did not waive his right to speedy trial, that the waiver he signed was only in response to a specific scheduling question, that the court

made no inquiry about his waiver of speedy trial, and that there is no record that he watched a video explaining the waiver of speedy trial. He further contends that an affidavit he filed on June 27, 2025 should be considered as a demand to enforce his right to speedy trial. Appellant also claims that even if he signed a waiver, the delay in going to trial constituted indefinite tolling under *State v. Sanchez*, 2006-Ohio-4478. He contends that his statutory right to speedy trial pursuant to R.C. 2945.71 was denied and that the case should be dismissed.

{¶13} An overarching problem with the arguments contained in many of the assignments of error in this appeal is that Appellant is raising matters for the first time on appeal that were not raised to the trial court. Matters raised for the first time on appeal that could have been presented to the trial court are waived. *State v. Fox*, 2023-Ohio-4026, ¶ 38 (7th Dist.), citing *State v. Lynn*, 2011-Ohio-6404, ¶ 9. As this is a recurring problem in this appeal, waived issues will be noted as they arise in the arguments.

{¶14} A further problem on appeal is that Appellant has filed a non-conforming brief, well outside of the limits set by the Rules of Appellate Procedure. The brief is set in a small font, single spaced, and if converted to 12-point font and double-spaced would well exceed 35 pages and 9,000 words (the word count is over 12,000). Appellant has also notified this Court that he used generative Artificial Intelligence (AI) to create his brief. Since Appellant is not an attorney, he cannot determine whether AI has produced viable legal arguments. Since he has not tested most of his arguments at the trial court level, he seeks for this Court to determine the legitimacy of his AI documents and arguments.

{¶15} "It is well established that pro se litigants are presumed to have knowledge of the law and legal procedures and that they are held to the same standard as litigants who are represented by counsel." *State ex rel. Neil v. French*, 2018-Ohio-2692, ¶ 10.

The fact that Appellant does not necessarily understand the Rules of Appellate Procedure or the law that is pertinent to this appeal does not excuse him. As almost every appellate district has said: "An appellate court is not a performing bear, required to dance to each and every tune played on an appeal." *State v. Campbell*, 2012-Ohio-1738, ¶ 6 (8th Dist.). Although we would be well within our discretion to strike Appellant's brief, as a matter of fairness we will attempt to review the core issues raised in each assignment of error.

{¶16} The first raises questions involving speedy trial. The Sixth Amendment to the United States Constitution, and Section 10, Article 1 of the Ohio Constitution, guarantee a criminal defendant the right to a speedy trial by the state. *State v. O'Brien*, 34 Ohio St.3d 7, 8 (1987). R.C. 2945.71 was enacted to statutorily protect these constitutional rights. *Id.* The rights provided in R.C. 2945.71 et seq. are coextensive with the constitutional provisions. *State v. King*, 70 Ohio St.3d 158, 160 (1994). A minor misdemeanor charge must be brought to trial within 30 days unless the time is properly tolled under the statute, or the right to speedy trial is waived. R.C. 2945.71(A).

{¶17} Appellant filed a motion to dismiss on speedy trial grounds on August 26, 2025, and the trial court denied the motion. His motion questioned whether his waiver of speedy trial rights was signed knowingly. An appellate court reviews a trial court's decision on speedy trial claims for abuse of discretion. *State v. Farnsworth*, 2009-Ohio-4642, ¶ 32 (7th Dist.). "Abuse of discretion means an error in judgment involving a decision that is unreasonable based upon the record; that the appellate court merely may have reached a different result is not enough." *State v. Dixon*, 2013-Ohio-2951, ¶ 21 (7th Dist.).

{¶18} A criminal defendant may waive the right to speedy trial either in writing or orally before the court. *King* at 160. Assuming arguendo that Appellant could show that

trial occurred outside the speedy trial time set forth in R.C. 2945.71, this record contains Appellant's written waiver of speedy trial. "A waiver that expressly waives the accused's right to a speedy trial under the statute without mentioning a specific time period is unlimited in duration, and the accused is not entitled to a discharge for delay in bringing him to trial unless the accused files a formal written objection and demand for trial." *State v. Kuriger*, 2008-Ohio-1673, ¶ 16 (7th Dist.).

**{¶19}** Appellant argues that the only waiver of rights of which he is aware involved simply marking a box on a form. Thus, the sole argument raised in his motion to dismiss related to whether this check mark amounted to a valid waiver of rights. Contrary to Appellant's assertions, the waiver Appellant signed is not merely a check mark on a form. It is a fully explained waiver of rights, printed in bold letters, signed by him and filed on June 12, 2025. Appellant testified at the November 18, 2025 motion hearing about his recollection as to the waiver of rights, but the trial judge rejected his contradictory testimony and denied the motion. None of the other arguments set forth in this appeal regarding speedy trial were raised in the trial court, and thus are waived on appeal.

**{¶20}** The record also reflects that Appellant was shown a video explaining the waiver of rights. Appellant admitted in his testimony that he did not pay attention when the video was playing. (11/18/25 Tr., pp. 5-6.) Appellant claims there is no record of the video being played, and yet the transcript of the motion hearing on November 18, 2025 contains the trial judge's comments about the video, that the video fully explained the waiver of speedy trial rights, and also contains Appellant's own admission that he did not pay attention to this video.

**{¶21}** It is not clear what argument Appellant is trying to make regarding the *Sanchez* case, cited above. The issue in *Sanchez* was whether the defendant was being

held solely on the pending charge. More specifically, the question in that case was whether a detainer filed by the Bureau of Immigration and Customs Enforcement nullified the triple count provision of R.C. 2945.71(E). This is not an issue in the instant matter. *Sanchez* does not discuss the topic Appellant raises and does not mention indefinite tolling. His citation to this immaterial case may have been as a result of a "hallucination" by Appellant's AI queries.

**{¶22}** Appellant argues that a document he filed on June 27, 2025 should have been accepted as an official withdrawal of his waiver of speedy trial rights and a demand for immediate trial. Although Appellant calls the document an affidavit, it is not. In this document Appellant asserts that he did not sign a waiver of speedy trial rights and that his "trial date" was set 92 days after the citation was filed. Appellant was actually referring to his pre-trial date of August 26, 2025. Regardless as to how this document is characterized, Appellant did not argue at trial that this document amounted to his demand for immediate trial or a revocation of his written waiver of speedy trial. Under *Kuriger*, *supra*, in order to revoke an unlimited written waiver of speedy trial rights, a defendant must file a formal written objection to any further continuances and must make a demand for trial. *Id.* at ¶ 16, citing *State v. O'Brien*, 34 Ohio St.3d 7 (1987), paragraph two of the syllabus. Appellant's filing did neither of these things, and cannot serve as a revocation of his waiver of speedy trial rights. Appellant did object to one specific continuance being granted, but did not file anything that could be interpreted as a standing objection to all further continuances (including continuances that he or the court might initiate).

**{¶23}** The state also points out that, regardless, there is no speedy trial error here because of various tolling events in the record. The state explains that there were still 13 days left on the 30-day speedy trial clock as of the date of trial. Appellant filed numerous

motions and took other actions that tolled the speedy trial time. These included multiple motions to dismiss, a document filed on July 18, 2025 alleging that motions requiring a hearing had been filed and requesting a hearing, a motion to exclude evidence, and a motion to invalidate a continuance. The time to bring a defendant to trial may be extended for any reasonable period to allow the state to respond to such motions and to allow the court to rule on the motions. *State v. Sanchez*, 2006-Ohio-4478, ¶ 27.

**{¶24}** This record reveals that Appellee's attempt to calculate the exact number of days left on the speedy trial clock is unnecessary. Once Appellant signed a written waiver of speedy trial rights, his waiver stopped the speedy trial clock. An unlimited waiver applies retroactively to the date of arrest or the date the charge was filed. *State v. Mack*, 2025-Ohio-4812, ¶ 97 (5th Dist.), appeal not allowed, 2026-Ohio-475. If Appellant had later filed a valid formal written objection to any further continuances and a demand for trial, the court would then have been required to bring Appellant to trial in a reasonable time, not within the statutory time limit. *O'Brien* at 9. As already noted, Appellant filed neither an objection to all continuances nor a demand for immediate trial. Furthermore, Appellant did not argue to the trial court that the trial date was unreasonable. He argued only that he did not file a waiver of rights (which the current record shows is incorrect), that the 30-day statutory time period expired, and that he had not caused any delays requiring the trial date to be moved (which is also incorrect in reviewing this record). Since he has not argued that the ultimate trial court date was unreasonable, there can be no error on appeal.

**{¶25}** Appellant's first assignment of error is overruled.

ASSIGNMENT OF ERROR NO. 2

THE TRIAL COURT ABUSED ITS DISCRETION IN GRANTING THE STATE'S MOTION FOR CONTINUANCE WHERE THE MOTION WAS FILED OUTSIDE THE SCOPE OF AUTHORIZED LEGAL INTERN PRACTICE UNDER GOV. BAR R. II, SEC. 7(A), IN VIOLATION OF R.C. 4705.01, SUBSTANTIVELY DEFICIENT UNDER R.C. 2945.72(H), AND WHERE APPELLANT WAS READY TO PROCEED WHILE THE STATE WAS NOT.

{¶26} Appellant contends that the trial court's decision to grant a motion for continuance to the state on October 21, 2025 was an abuse of discretion. The standard of review of a trial court order granting or denying a continuance is abuse of discretion. *State v. Unger*, 67 Ohio St.2d 65, 67 (1981). R.C. 2945.72 provides many reasons why a trial date may be continued with no violation of a defendant's speedy trial rights. For example, a court may grant a continuance on its own motion or based on a motion filed by the prosecutor. R.C. 2945.72(H). Such a continuance must be reasonable. *King* at 162. The state filed a motion to continue on October 20, 2025. The reason for the motion was that the state's sole witness was unavailable on the trial date. The court's entry granting the motion stated that it was being granted for good cause shown, referring to the prosecutor's reason for the motion. Appellant has not revealed any abuse of discretion occurred, here.

{¶27} Appellant's argument regarding whether a legal intern could file a motion for continuance was not raised to the trial court and is waived on appeal. Even if Appellant could raise the argument, Gov.Bar R. II(5) clearly allows an intern to represent the state

in misdemeanor cases, and file any documents with the court, including pleadings and motions.

{¶28} Appellant's second assignment of error is overruled.

<u>ASSIGNMENT OF ERROR NO. 3</u>

THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING RELIEF FOR THE STATE'S CONTINUING VIOLATIONS OF CRIM.R. 16 WHERE FOUNDATIONAL MATERIALS WERE TIMELY REQUESTED, THE STATE CERTIFIED DISCOVERY WAS COMPLETE, THE WRITTEN OPERATIONAL POLICIES WERE NEVER PRODUCED, AND APPELLANT WAS MATERIALLY PREJUDICED.

{¶29} Appellant argues that Appellee violated Crim.R. 16(B) by failing to produce unspecified written policy manuals regarding the use of radar devices. Appellant filed a request for discovery on June 12, 2025 that included a request for written policies or procedures of the agency regarding radar devices. On June 27, 2025 Appellant filed a motion to dismiss for failure of the state to provide discovery. His motion stated that discovery had not been provided for four items: radar calibration and maintenance logs, officer training and certification records, dashcam video footage, and any reports or evidence intended to be used at trial. On June 30, 2025 the court issued an order setting the motion to dismiss for hearing on August 26, 2025. At hearing, the state indicated that discovery had been provided on the four items.

{¶30} Appellant filed a renewed motion to dismiss for discovery violation on October 24, 2025. In that motion, Appellant alleged the state violated Crim.R. 16(B) by not providing him with a copy of unspecified operations manuals regarding radar devices.

<u>Case No. 25 CO 0050</u>

Appellant urges that the trial court should have granted either, or both, motions to dismiss based on the state's discovery violations.

**{¶31}** Appellate courts review a trial court's ruling regarding sanctions for discovery violations for abuse of discretion. *State v. Parson*, 6 Ohio St.3d 442, 445 (1983). In addition, "prosecutorial violations of Crim.R. 16 result in reversible error only when there is a showing that (1) the prosecution's failure to disclose was willful, (2) disclosure of the information prior to trial would have aided the accused's defense, and (3) the accused suffered prejudice." *State v. Jackson*, 2005-Ohio-5981, ¶ 131.

**{¶32}** Appellant has not identified any section of Crim.R. 16(B) that would have required the state to produce an operations manual for an unspecified radar device. Such a manual is not a police report, lab report, investigative report, criminal record of the defendant, or a written or recorded statement of the defendant, all of which Appellant requested. The state provided Appellant with the discovery items listed in his June 27, 2025 motion to dismiss. An operations manual was not mentioned in the motion. Appellant's argument as to the state's alleged failure to follow the rules for admitting expert evidence are inapplicable, since the state did not intend to offer expert evidence. Further, Appellant was not prejudiced by the timing of the discovery materials that were provided, because the date of production was the day of a pre-trial motion hearing and Appellant had two months to use the discovery material to prepare for trial. Also, there is no evidence that the manner in which the state provided discovery was in willful violation of Crim.R. 16, because discovery was provided by the date set by the court to review Appellant's discovery request. Appellant has not shown that a discovery violation occurred, that he was prejudiced by some discovery issue, or that there was reason for the court to have issued any sanction, much less the sanction of dismissal. Appellant's

primary discovery objection was the delay in producing discovery, but because Appellant signed a waiver of time, he cannot show any prejudice in the alleged delay.

**{¶33}** Appellant's third assignment of error is overruled.

<u>ASSIGNMENT OF ERROR NO. 4</u>

THE CONVICTION IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND RESTS ON LEGALLY INSUFFICIENT EVIDENCE WHERE THE TRIAL COURT FAILED TO PERFORM THE CASE-BY-CASE EVALUATION MANDATED BY CITY OF BROOK PARK V. RODOJEV, AND WHERE THE STATE'S OWN WITNESS CREDIBLY TESTIFIED THAT NO CORROBORATING RECORD OF ANY KIND EXISTS.

**{¶34}** Appellant argues his conviction is against both the sufficiency of the evidence and the manifest weight of the evidence. Sufficiency and manifest weight are related, but distinct, legal concepts. "Sufficiency of the evidence is a legal question dealing with adequacy." *State v. Pepin-McCaffrey*, 2010-Ohio-617, ¶ 49 (7th Dist.), citing *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997). When reviewing a conviction for sufficiency of the evidence, an appellate court does not determine "whether the state's evidence is to be believed, but whether, if believed, the evidence against a defendant would support a conviction." *State v. Rucci*, 2015-Ohio-1882, ¶ 14 (7th Dist.). "The testimony of a single witness, if believed by the trier of fact, is sufficient to support a conviction." *State v. Mock*, 2010-Ohio-2747, ¶ 41 (7th Dist.).

**{¶35}** Weight of the evidence concerns "the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other."

<u>Case No. 25 CO 0050</u>

(Emphasis deleted.) *Thompkins* at 387. Under a manifest weight review, the appellate court reviews the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses, and determines whether, in resolving conflicts in the evidence the judge acting as the trier of fact in a bench trial clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed. *State v. Lang*, 2011-Ohio-4215, ¶ 220. "[T]he weight to be given the evidence and the credibility of the witnesses are primarily for the trier of the facts." *State v. Hunter*, 2011-Ohio-6524, ¶ 118, quoting *State v. DeHass*, 10 Ohio St.2d 230, 227 (1967), paragraph one of the syllabus.

{¶36} Generally, radar and other speed-measuring devices are deemed sufficiently reliable to forego the need for expert testimony to establish the scientific reliability of the devices at trial. *City of Brook Park v. Rodojev*, 2020-Ohio-3253, syllabus.

{¶37} The issue at trial in this case was whether Appellant was driving in excess of 70 m.p.h. on the highway in violation of R.C. 4511.21(D)(4). The trial court heard evidence from Sgt. Murphy that he measured Appellant's speed at 86 m.p.h. using a BEE IIIK radar device, that he was trained in using the device, and he had certifications showing that he was trained. Additionally, the state produced evidence that the radar device was properly calibrated and in working order on the day the citation was issued. Appellant offered no evidence in rebuttal. The record clearly contains sufficient evidence to convict Appellant of speeding and is likewise not against the manifest weight of the evidence.

{¶38} Appellant's fourth assignment of error is overruled.

Case No. 25 CO 0050

ASSIGNMENT OF ERROR NO. 5

THE TRIAL COURT DENIED APPELLANT DUE PROCESS BY DECLARING PROPERLY FILED MOTIONS NON-EXISTENT FOR PURPOSES OF HEARING THEM WHILE SIMULTANEOUSLY CREDITING THOSE MOTIONS' RENEWALS AS INDEFINITE TOLLING EVENTS.

**{¶39}** This assignment of error is something of an extension of Appellant's first assignment of error regarding speedy trial. Appellant believes that the trial court contradicted itself by declaring that Appellant did not file a motion to dismiss for speedy trial on June 27, 2025, but then treated the document that Appellant did file (captioned as an "affidavit") as a tolling event for speedy trial purposes. Appellant believes this "contradiction" constitutes reversible error.

**{¶40}** Appellant filed a motion on July 18, 2025 asking the court to hold an immediate hearing on three motions: a motion to dismiss for speedy trial violations; a motion to dismiss for failure to provide discovery; and a motion to exclude evidence. All outstanding motions were heard on August 26, 2025. It became clear at the hearing that Appellant had actually filed only one motion, a motion to dismiss for discovery violations, and that Appellant was confused about his other filings. The fact that Appellant was confused and did not file any other actual motions did not allow the court to simply ignore the July 18, 2025 demand for a hearing, a demand that alleged three pending motions were outstanding. The record, confusingly, contains information about non-existent motions, but this is entirely Appellant's fault and cannot support his contention as to trial court error. Under the invited error doctrine, a party cannot use an error the party himself

has created as a basis for establishing reversible error on appeal. *State v. McKee*, 2004-Ohio-6370, ¶ 18 (7th Dist.).

**{¶41}** More importantly, whether or not a document filed on June 27, 2025 was a tolling event for speedy trial purposes is irrelevant, because as earlier discussed, Appellant signed a written waiver of time that was not revoked. No tolling timeline calculation needs to be conducted. His waiver of time is retroactive to the date the citation was filed. *Mack*, 2025-Ohio-4812, at ¶ 97.

**{¶42}** Appellant's fifth assignment of error is overruled.

<u>ASSIGNMENT OF ERROR NO. 6</u>

THE CUMULATIVE EFFECT OF THE FOREGOING ERRORS DEPRIVED APPELLANT OF A FAIR TRIAL AND A RELIABLE ADJUDICATION OF THE CHARGED OFFENSE, REQUIRING REVERSAL.

**{¶43}** Appellant claims that cumulative error occurred at trial, and his case should be reversed or dismissed on that basis. In an appeal where multiple trial errors are found, but the errors individually do not rise to the level of reversible, a defendant may argue that cumulative error has occurred. Under this doctrine, "a conviction will be reversed where the cumulative effect of errors in a trial deprives a defendant of the constitutional right to a fair trial even though each of numerous instances of trial court error does not individually constitute cause for reversal. The doctrine is not applicable to the case at bar as we do not find multiple instances of harmless error." *State v. Garner*, 74 Ohio St.3d 49, 64 (1995). As no errors are found in this appeal, the doctrine of cumulative error is patently inapplicable.

**{¶44}** Appellant's sixth assignment of error is overruled.

<u>Case No. 25 CO 0050</u>

## Conclusion

{¶45}  Appellant raises six assignments of error in appeal of a minor misdemeanor conviction on a speeding citation.  Appellant alleges there were statutory speedy trial violations, but he signed a waiver of speedy trial that negates this argument.  He objects to a continuance of trial granted to the state, but has not shown how the continuance amounted to an abuse of discretion.  He argues a variety of issues regarding discovery.  The record shows the state provided all discovery materials it planned to use at trial in a timely manner, and that Appellant cannot show prejudice in discovery.  His arguments regarding the sufficiency and weight of the evidence are likewise not supported by the record.  Finally, as our review shows the trial court committed no errors, cumulative error clearly does not exist.  The judgment of the trial court is affirmed.

Hanni, J. concurs.

Dickey, J. concurs.

---

For the reasons stated in the Opinion rendered herein, Appellant's assignments of error are overruled and it is the final judgment and order of this Court that the judgment of the Columbiana County Municipal Court of Columbiana County, Ohio, is affirmed. Costs to be taxed against the Appellant.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**